IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RETCNICK FAUSTEN,**
**D.O.C. # W16862,**

    **Plaintiff,**

**vs.**                                            Case No. 4:19cv618-MW-MAF

**GEICO INDEMNITY COMPANY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On December 30, 2019, Plaintiff, pro se, filed a complaint against GEICO Indemnity Company ("GEICO") concerning GEICO's settlement of a claim related to a traffic crash occurring on August 23, 2018. ECF No. 1. Plaintiff was granted leave to proceed in forma pauperis. ECF No. 9. On March 16, 2020, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Plaintiff was advised of his obligation to respond to the motion pursuant to Local Rule 7.1(E), ECF No. 15, but has not done so. The motion to dismiss is now ready for a ruling.

**The Complaint**

Plaintiff alleges that on August 23, 2018, he was involved in a traffic crash in Palm Beach County.  ECF No. 1 at 1.  Plaintiff alleges he had a policy of insurance with GEICO, policy number 4552101380, for coverage related to his 2005 Ford F-150 vehicle, for property damage and bodily injury.  *Id.*  Plaintiff alleges that after the crash he filed claim number 0634933250101017 with GEICO.  *Id.*  He alleges that GEICO settled that claim without his legal consent and without any notice to him or discussion with him.  *Id.* at 2.  However, Plaintiff does not provide any facts to show the substance of his claim, the terms of any alleged settlement, or the parties to the alleged settlement.  He attaches only an incomplete copy of GEICO's January 21, 2019, review of a billing for medical services that were provided to Plaintiff.  *Id.* at 15-17.  He describes the review as "basically a settlement agreement."  ECF No. 1 at 2.

Plaintiff alleges that on the date of the review, he was incarcerated in Palm Beach County and could not have called GEICO to discuss the claim and did not receive any mail from GEICO.  *Id.*  Plaintiff wrote several letters to GEICO after that date while incarcerated in the State prison system, *see* ECF No. 1 at 5-7, and he was still incarcerated in the Florida Department of Corrections when he filed the present Complaint.  Plaintiff

seeks $1,500,000 for fraudulent concealment, misrepresentation, and negligence for GEICO's settlement of the claim.  *Id.*

**Applicable Legal Standards**

The issue of whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677

(citing Twombly, 550 U.S. at 556); see also Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability" falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoted in

Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Defendant's Motion to Dismiss**

GEICO moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, contending that although Plaintiff alleges the "names of causes of action," he fails to state facts that establish entitlement to relief. ECF No. 14 at 2. GEICO also contends that Plaintiff had no policy of insurance with GEICO Indemnity Group, although he had a policy with a different GEICO entity. *Id.* at 2-3. GEICO does not provide the name of that entity.

**Analysis**

Plaintiff's allegations offer only labels and legal conclusions, which are not facts. He offers no facts to support his claim of fraudulent concealment, misrepresentation, and negligent settlement except to argue that GEICO had no explicit permission from him to settle the claim arising from the car crash for which it appears by Plaintiff's attachments that he was at fault. *See* ECF No. 1 at 11-13 (Florida Traffic Crash Report). Plaintiff suggests GEICO had an obligation to obtain his permission to settle any aspect of his claim, including his own medical billings, but the terms of the policy have not been provided, nor has Plaintiff provided any documentation or other evidence showing that GEICO was so obligated or that GEICO even entered into any settlement concerning his claim. The attached incomplete copy of a January 21, 2019, GEICO review of medical billings pertaining to Plaintiff's examination and treatment show a reimbursement amount of $195 less a deductible of $195. ECF No. 1 at 16. These sparse facts do not state a claim for fraudulent concealment, misrepresentation, or negligent settlement, as alleged by Plaintiff.

Under Local Rule 7.1(H), failure to file a required memorandum in response to the motion to dismiss can result in dismissal by default. However, the Court should find that regardless of Plaintiff's failure to file a

response to the motion to dismiss, the motion to dismiss should be granted because Plaintiff failed to allege any facts in his Complaint to support his claims.

**Recommendation**

It is respectfully **RECOMMENDED:**

1.  That Defendant's motion to dismiss, ECF No. 14, be **GRANTED** and this case be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2); and

2.  That the order adopting this Report and Recommendation direct the clerk to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 23, 2020.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's**

**objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**